Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
David J. McGlothlin, Esq. (SBN: 253265)
dmcglothlin@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Attorneys for Plaintiff
Gabriela Quiros

FILED
APR 28 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

'08 CV 0769 LAB NLS

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIELA QUIROS<br><br>Plaintiff,<br>v.<br><br>DEBT BUYER INC. and THE HAMEROFF/LAVINSKY LAW FIRM | **Case Number:**<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

ORIGINAL

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. GABRIELA QUIROS, ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of DEBT BUYER INC. and THE HAMEROFF/LAVINSKY LAW FIRM, ("Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

6. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

7. Because Defendants do business within the State of California, personal jurisdiction is established.

HYDE & SWIGART
San Diego, California

8. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

9. Plaintiff is a natural person who resides in the city of San Diego, county of San Diego, state of California.

10. Defendant DEBT BUYER INC. operate from the city of Las Vegas, the county of Clark, and the state of Nevada.

11. Defendant HAMEROFF/LAVINSKY LAW FIRM operate from the city of San Diego, county of Clark, and the state of Nevada.

12. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

13. Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

14. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

15. Defendants, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

16. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

//

HYDE & SWIGART
San Diego, California

## FACTUAL ALLEGATIONS

17. At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

18. At all times relevant, Defendants conducted business with the State of California. Sometime before May 31, 2007, Plaintiff is alleged to have incurred certain financial obligations.

19. These financial obligations were primarily for personal, family or household purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C. §1692a(5).

20. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

21. Sometime thereafter, but before May 31, 2007, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently disputes the validity of this alleged debt.

22. Subsequently, but before May 31, 2007, the alleged debt was assigned, placed, or otherwise transferred, to Defendants for collection.

23. On or about May 31, 2007, Defendants filed a limited civil complaint in the Superior Court of California, County of San Diego, Case Number 37-2007-00063321-Cl-CL-SC.

24. In Case Number 37-2007-00063321-Cl-CL-SC, Defendant sued Plaintiff for $791.81.

25. Plaintiff is informed and believes and thereon alleges that the debt in question was only for approximately $300.

HYDE & SWIGART
San Diego, California

26. By suing for a greater amount than agreed to or permitted by law, Defendant violated 15 U.S.C. §§ 1692f, and 1692f(1), it also violated Cal. Civ. Code § 1788.17.

27. On or about May 31, 2007, Defendants initiated the action in Case Number 37-2007-00063321-Cl-CL-SC, which was well outside the statute of limitations allowed by California law.

28. This action by Defendant was an unfair or unconscionable means to collect a debt and an attempt to collect an amount not permitted by law in violation of 15 U.S.C. §§ 1692f, and 1692f(1). Because this action violated 15 U.S.C. §§ 1692f, and 1692f(1), it also violated Cal. Civ. Code § 1788.17.

29. The lawsuit filed by Defendant was initiated without any reasonable inquiry into the facts or merits of the allegations. As such, this action by Defendant violated 15 U.S.C. §§ 1692e, 1692e(10), and 1692f. Because this action violated 15 U.S.C. §§ 1692e, 1692e(10), and 1692f, it also violated Cal. Civ. Code § 1788.17.

30. Plaintiff is informed and believes, and thereon alleges, that she did not incur the alleged debt Defendant is suing for, and that the debt was incurred due to identity theft.

31. Plaintiff is informed and believes, and thereon alleges, that Defendant continued to collect on the alleged debt when they knew or should have known Plaintiff was a victim of identity theft

32. Plaintiff is informed and believes, and thereon alleges, that Defendant failed to comply with proper procedures for collecting a debt after identity theft was reported in violation of Cal. Civ. Code § 1788.18.

33. On or about July 5, 2007 Defendants completed service of Case Number 37-2007-00063321-Cl-CL-SC on Plaintiff.

34. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

35. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

36. On or about July 13, 2007, Plaintiff filed an answer to the case initiated by Defendants, Case Number 37-2007-00063321-Cl-CL-SC.

37. On or about July 12, 2007, Plaintiff served Defendant a Demand for Bill of Particulars in Case Number 37-2007-00063321-Cl-CL-SC as well as a Request for Production and Special Interrogatories.

38. On or about July 26, 2007, Defendant served Plaintiff with a Response To Demand For Bill of Particulars, stating, "This responding party will produce all responsive documents upon receipt of same from client. Investigation and discovery are continuing."

39. Defendant did not provide a response to Plaintiff's Request for Production and Special Interrogatories because Defendant knew or should have known at the time of filing their case and at the time the discovery request was made that there was not a legitimate debt owed by Plaintiff, and that Defendant did not have and could not get the required documentation evidencing the alleged debt. As such, this action by Defendant violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), 1692f and 1692f(1). Because this action violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), 1692f and 1692f(1), it also violated Cal. Civ. Code § 1788.17.

40. On or about October 29, 2007, Plaintiff sent Defendant a meet and confer letter demanding a supplemental response to the Demand for Bill of Particulars as well as requesting that Defendant provide a response to the Request for Production and Special Interrogatories.

HYDE & SWIGART
San Diego, California

41. Defendant did not respond to Plaintiff's meet and confer letter because Defendants knew that the alleged evidence they possessed, and were willing or able to obtain during the course of litigation was, and would be insufficient as a matter of law to prove a case at time of trial and that Defendants continued to prosecute the action knowing that the action had no merit and that there was not a legitimate debt owed by Plaintiff. As such, this action by Defendant violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), 1692f and 1692f(1). Because this action violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), 1692f and 1692f(1), it also violated Cal. Civ. Code § 1788.17.

42. On or about November 21, 2007, In Case Number 37-2007-00063321-Cl-CL-SC, Plaintiff filed a Motion to Compel a Response to her Request for Production and Special Interrogatories. The motion date was set for January 25, 2008.

43. Defendants did not oppose Plaintiff's motion to compel, and Defendants failed to appear at the motion hearing because Defendants knew that the alleged evidence they possessed, and were willing or able to obtain during the course of litigation was, and would be insufficient as a matter of law to prove a case at time of trial and that Defendants continued to prosecute the action knowing that the action had no merit and that there was not a legitimate debt owed by Plaintiff. As such, this action by Defendant violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), 1692f and 1692f(1). Because this action violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), 1692f and 1692f(1), it also violated Cal. Civ. Code § 1788.17.

44. An OSC hearing was then scheduled in Case Number 37-2007-00063321-Cl-CL-SC due to Defendants' failure to appear.

45. Defendants then submitted a Request for Dismissal because Defendants knew that the alleged evidence they possessed, and were willing or able to obtain during the course of litigation was, and would be insufficient as a matter of

HYDE & SWIGART
San Diego, California

law to prove a case at time of trial and that Defendants continued to prosecute the action knowing that the action had no merit and that there was not a legitimate debt owed by Plaintiff. As such, this action by Defendant violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), 1692f and 1692f(1). Because this action violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), 1692f and 1692f(1), it also violated Cal. Civ. Code § 1788.17.

46. Defendants' Request for Dismissal was subsequently granted, dismissing Case Number 37-2007-00063321-Cl-CL-SC.

47. Plaintiffs are informed and believe, and thereon allege, that Defendants had no intention of litigating Case Number 37-2007-00063321-Cl-CL-SC, that Defendant did not conduct any investigation prior to or after the filing of the case, and there were no documents evidencing Plaintiff's owed the alleged amount as shown by Defendants refusal to respond to discovery or appear at scheduled motion hearings.

48. By Defendant filing a limited civil complaint against Plaintiff, and not intending to participate in the following litigation or having conducted any investigation, Defendant threatened to take action that they did not intend to be taken in violation of 15 U.S.C. § 1692e(5). Because this action violated 15 U.S.C. § 1692e(5), it also violated Cal. Civ. Code § 1788.17.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 ET SEQ.

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

51. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant.

## COUNT II

## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## CAL. CIV. CODE §§ 1788-1788.32

52. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

54. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from each and every defendant, as follows:

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 ET SEQ.

55. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

56. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

57. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

HYDE & SWIGART
San Diego, California

## COUNT II

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## CAL. CIV. CODE §§ 1788-1788.32

58. An award of actual damages pursuant to California Civil Code § 1788.30(a);

59. An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

60. An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

## TRIAL BY JURY

61. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: 4/25/2008

Hyde & Swigart

By: [signature]

David J. McGlothlin, Esq.
Attorneys for the Plaintiff

HYDE & SWIGART
San Diego, California

JS44

(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

Gabriela Quiros

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** San Diego

**(EXCEPT IN U.S. PLAINTIFF CASES)**

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

David McGlothlin, Esq. (SBN: 253265)
411 Camino Del Rio South, Ste. 301
San Diego, CA 92108
Tel: 619-233-7770

**DEFENDANTS**

Debt Buyer Inc., and the Hameroff/Lavinsky Law Firm,

FILED

APR 28 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** Clark

**(IN U.S. PLAINTIFF CASES ONLY)**

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**ATTORNEYS (IF KNOWN)**

Unknown

'08 CV 0769 LAB NLS

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX (For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code 1788-1788.32 (RFDCPA)

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment &Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153Recovery of Overpayment of Veterans Benefits
- ☐ 160 Stockholders Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectmant
- ☐ 240 Tort to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury-Medical Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prisoner Conditions

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (13958)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reappointment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities Exchange
- ☐ 875 Customer Challenge 12 USC
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State
- ☒ 890 Other Statutory Actions

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding ☐ 2 Removal from State Court ☐ 3 Remanded from Appelate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 **DEMAND $** 76000 Check YES only if demanded in complaint: **JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE Docket Number

DATE 04/25/2008 SIGNATURE OF ATTORNEY OF RECORD [signature]

ORIGINAL

150269 $350—
04/29/08

UNITED STATES
DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 150269 - MB

April 29, 2008
10:12:12

Civ Fil Non-Pris
USAO #.: 08CV0769 CIVIL FILING
Judge..: LARRY A BURNS
Amount.: $350.00 CK
Check#.: BC2378

Total-> $350.00

FROM: GABRIELA QUIROS VS
DEBT BUYER INC AND
HAMEROFF/LAVINSKY LAW FIRM